May it please the court. My name is Gautam Dutta and I'm counsel for plaintiffs Jeremy Coltharp and Edith Frasier and I'd also like to reserve a couple of minutes for the vote. This morning on election day we asked the court to restore the right of Long Beach citizens to vote on a controversial ballot measure that they signed. The core issue here is simple. Did the city clerk have the power under elections code 9215 to block a ballot measure that had garnered the support of significantly more than 10 percent of the voter support required for a regular election? Put another way, does 10 percent mean 10 percent? To quote from a leading case on the topic, the voters who signed the initiative petition aren't here are entitled to have their decision implemented under section 9215 which, like section 9214, manifests the people's power of initiative under the California Constitution. Has this case been finally decided by the district court? No your honor. Well that's the whole point. It's here on a preliminary injunction. That's correct. And the standard of review is for an abusive discretion. That's correct. And the district court simply decided I'm not going to give you a preliminary injunction so we're going to go to trial and you're going to get an opportunity to make or not make your point at the trial. Isn't that right? So it isn't about, it isn't quite about yet what you said it's about. It's about the district court's decision with respect to the preliminary injunction. That's correct your honor. What we would respectfully say is that the district court erred on the law and in its ruling because we were entitled to a preliminary injunction. This seems, I guess this seems like a hard case to me and I'll tell you why. That the elections code that we're talking about, 9215B, it can arguably, it can be reasonably construed to indicate that petitions designated for special elections cannot be considered for placement on regular election ballot. So if it could go both ways then if it's not so, you know, I understand what your argument is and your, you know, I could make an argument say well a special election causes a lot of money to a community and so let's say you have enough for the general election, well then that shouldn't automatically qualify you for the special election. But what you're saying is the general election happens anyway. They spent a lot of money on this so it, you think that that's kind of, it's a lower standard so the fact that they didn't qualify for the special election shouldn't prevent them from being on for the general election. But I guess if I'm looking at the plain language, I don't know if I can say that Herrera got it wrong. I don't know if he got it right, but did he get it, am I so sure that he got it wrong and I'm evaluating this for abuse of discretion, that gets to me harder. Does the standard of review resolve it then as opposed to how I would decide this case if I were doing a trial? Your Honor, it points to the elephant in the room and I'm glad to talk about it. Our petition did request a special election, that's part of the record. Obviously that was our first choice, to get a special election. Our second choice was to get on for a regular election. However, the short answer is that does not... But the petition doesn't say first choice, special election, second choice, general election. Very good point and because it doesn't need to. We're talking about plain language. Under section 9214, you need to, if you're requesting a special election, you must expressly request it. That is there in the plain language. That is similar provision is not there for 9250. There, you do not need to have any magic language to request that a ballot measure be put on the general ballot. And there's no question in this case that you meant the 10% requirement for the general election? Absolutely not. I mean, under, there's no dispute about that. We're about 201 votes ahead of the requirement to make the 10%. And can you tell us your view of how the Blotter v. Farrell decision helps you in terms of your interpretation that you don't have to request a general election? Which decision was that? Blotter v. Farrell. You're not familiar with it? Okay. I don't believe that was briefed. I'm happy to, I'm happy to come after that. I don't believe that was in the briefing. I'm going to make a note of that and see if we can do it for supplemental. Blotter v. Farrell. 42 Cal 2nd 805. It's an old case, 1954 case under the predecessor statute. Okay. I will make a note of that. One point that I want to make sure, emphasize is that this is subject to de novo review. Yes, it was a denial of a preliminary injunction. However, the basis on which it was denied was basically one of law. The district court determined that we were not entitled as a election ballot. So consequently it's... So the PI resolved the issue is what you're saying? Well, there are a couple, there are several issues swirling in the district court. The issue that's come up here before us, right, that is here before us right now is whether we are entitled to get on the regular election ballot, the next of one of which is November of this year, and there's not a regular election schedule for next year, for 2015. But you can't, are you saying that based on what the district judge said at the preliminary injunction, you can't still make your arguments at a trial for a final ruling? Are you saying he's already determined that? It's already determined that you can't be, I don't think that's right. He said, you know, on the likelihood of success, he's sort of making a gut ruling on do I think that you're going to prevail, and no, I'm saying I don't think you've shown a likelihood of success. But that doesn't mean you don't get to try to show that again at the trial, does it? Technically it doesn't, but realistically it would appear that the district court has made up its mind as far as... Well, but I guess what I'm telling you, if you told me here, you know, I'm one to take admissions here, but if you said, well, the district court's already ruled on that, so I don't have a chance to prove that in the trial, that this can't be on the general election. That's what the trial's all about, isn't it? Yes, that's true. However, it does not appear that the court would change its mind, number one. But number two, this is a really important point, which is that time is of the essence. There were more than 10%, nearly 15%, if not 15% of Long Beach voters actually signed this petition. This should have gone on the ballot last April, and now we already have another election today, and then there's the last election for the next couple of years in November. After that, my clients are out of luck on starting all over again for a special election because the district court will not rule in time. Well, but time being of the essence doesn't get you to win a preliminary injunction. I mean, we have to look at all the factors. I mean, that's why they're all here fast. Anne, can you talk about some of those factors, Mr. Dodd? I'm curious about the balance of the harms and the public interest, and my understanding of Ninth Circuit law, which may not be totally correct because I'm not from the Ninth Circuit, is that when those prongs are stronger than the first prong about the likelihood of success on the merits doesn't have to be as strong. In other words, the strength of some of the other prongs can lower the threshold for likelihood of success, and so I'd like you to focus on those other prongs. Okay. So essentially what we have here is some very strong non-pecuniary interests brought forward by my clients. One is that... You have a pretty strong pecuniary interest, too, because you spent 132... It wasn't my client's money, and that's, of course, the point that has been made by the court and by opposing counsel. So it was not the client's money. There was an organization that one of my clients is part of that put in money, but it was not my client, Mr. Kolthoff's money and Ms. Frazier's money. Thank you for clarifying that. Now, in terms of... So one is that they circulated... Mr. Kolthoff circulated a petition. Number two, he and Ms. Frazier both signed the petition. Number three is that more than 10%, if not 15% of the Long Beach voters as a whole signed this. So what you have here is a clear right to have something put on the ballot, and there's a very clear right to have something put on the ballot, and essentially the right to initiative is sacred. This is something that should not be trumped by any technicality. It's something that may not, in the words of the Santee case, be annulled prematurely, or rather, that may not be... What's the technicality here? Well, the technicality here is that... I still go back to the statutory construction, and I never think that's a technicality. Oh, by no means. And I would actually say the statutory construction is in our favor, because there are two things going on here. One is, if you look at the statutory construction, which the state Supreme Court also looked at too, which is 9215, it basically said, if you meet the requisite number of signatures, then the city clerk must certify, or the elections official must certify that measure for the ballot to the city council, say that it qualifies for the ballot, and number two, the city council can take any number of actions. So was there any law out there that... I haven't found it yet that clearly told Herrera... I mean, Herrera sort of seems like poor Herrera here. He said, I'll do what the lawyers tell me. Now, the lawyers might be wrong or right, and if his lawyers had told him, put it on the ballot, he would have put it on the ballot, right? Presumably. Yeah. I mean, so it's... So what's... Is there a case that says specifically... Is there a case out there, I couldn't find it, that says specifically, the way you did this, that's on point here, that said Herrera had to do it? Well, the law is that he can't exercise any discretion, and we would strong vehemently argue that he did exercise discretion here. Basically, the decision to block this from getting to the city council was his. Now, what the plain language of 9215 says is that the legislative body, quote-unquote, can decide whether or not to study it for 30 days, whether or not to put it on for a special election, whether or not to put it on for a regular election. That is the province of the legislature. It's not the province of the city clerk, the elections official. That was clear overstepping of the bounds. That is not permitted. But what if they think it only reads one way? Are they exercising... If they think... Are they exercising discretion then? Yes, if you read it wrong, yes. You can sincerely believe that you're reading it the right way, but lawyers are there to give advice, and in this case, I believe that they gave wrong advice to the city clerk. This is rather clear. Well, let me ask you another thing, in terms of the fact that the feds still have not bought in on these dispensaries, and that they can go in and that they can close these down. Where would that factor into the balancing for an injunction? It does not. For one thing, under Bill of Vivos and related case law, the elections official cannot decide the legality of a measure, number one. No, but I'm talking about the district judge. If I'm looking at the district judge, did you abuse your discretion in looking over the factors? The fact that the feds do not sanction this, and that even if they passed it, that the feds could close it down, where does that factor in? Does it factor into the irreparable harm? Does it factor into the likelihood of success? Where does that factor in? I mean, it factors in somewhere. I'm not saying how you weigh it, but it's something that I think the district judge can look at.  although we disagree obviously with the district judge's ruling, went out of its way to say that it was not taking into account whether or not medical marijuana would be legal under the current set of circumstances. It went out of its way to say that. I would further note that this is not an issue where we're asking for, we're asserting that there is a right to use medical marijuana anywhere whatsoever. This is strictly an election law issue, whether the voters can decide this matters. Summarize for me one more time before your opponent gets up, what the mistake was that the district judge made. The district judge should have granted our request for a preliminary injunction by ordering the city clerk to certify to the city council that our measure had qualified for a regular election. And the district court didn't. And the district court did not. Why? It argued, it stated that to do so would be, quote, judicial fiat, unquote. The judicial, the district court believed that by, if it were to grant, if it had granted our request, it would have not, it would have changed the statute requiring any request for, basically it said that if, since we had requested a special election. That's it. Okay. Now you just hit, that's where it was, by requesting the special election. Yes. By requesting a special election, the district court said. You handcuffed yourselves, really. That's what the district court is saying. And our rejoinder to that is, number one, we're forced to say that because that was our first choice, because that's what the statute 92-14 requires you to do. It requires you to expressly state that you want a special election. Number two, even if you ask for a special, as I pointed out in our papers, you can get stuck with a general election. Even if I ask you for a general election, you can get stuck with a special election. There's nothing talismanic or magical about these words. Well, could this be a situation where if the district judge had gone the other way and say I was looking at the appeal from the other side, that I would still affirm the district court either way? Because it's not an abusive, you know, sometimes an abusive discretion can be not what I would do, but it can be right either way a court goes. The answer is no. And the reason is because the law is, in our view, so clear on this. Okay. Thank you. You're in overtime, but I'll, after we hear from the appellees, if any of the court, if any of the judges have questions, I'll allow you a minute, I'll allow time for them. Okay. Thank you. Good morning, your honors. Good morning. This is the court. My name is Michelle Levinson. I'm the deputy city attorney for the city of Long Beach, and I am council record for city clerk, Larry Herrera, who's also our elections official. Well, so what's the harm here? Because like a special election does cost everyone a lot of money and all of that. And so somehow it's, we're assuming that these people wouldn't have signed if it had said general special or general election. I mean, is that, is that a good interpretation? It's not an incorrect interpretation, your honor. The problem is, and judge Collins noted this in her ruling, is the preliminary injunction. That's basically asking the city clerk to take some white out over the petition, change it to general or regular election, reevaluate it under the 92-15 standard as opposed to the 92-14 standard, which was the higher standard, then submit that to council as a certified petition and put it before the voters. I think the process, the due process violation would then be on the voters for certifying a valid petition. The city clerk doesn't have the discretion to make those changes. The petition very clearly said special election. I think it's correct. Had they requested or in the alternative general election, we'd be looking at a different issue here. That's the entire hang-up right there. That is the entire hang-up, your honor. The other issue that was pointed out, but I did want to clarify because you had asked what the likelihood of prevailing on the merits would be, is that judge Collins did note that there's a concern that there's also no federal question present. That she did point to a case law that indicates that the pure administration of local government as to the application of election law isn't really in the purview of the federal court. She didn't find a constitutional violation. This is simply how the votes were evaluated and how Mr. Herrera chose to take the random sample and look to see if they were valid before putting it before city council to make the determination as to whether they intended to adopt it or not. What Mr. Herrera did was simply took a random sample, put it into the county voter registration logs and took the results that came back. There's really no discretion. There's no playing in the joints there, so to speak. Well, so counsel, is it Dutta? All right, I got that right, I guess. Mr. Dutta, I questioned him further and I guess, but he was sort of implying, you know, time's of the essence and if we don't win here, we will necessarily, you know, that essentially it's over. Those issues have already been decided and we lose otherwise. But there's a matter still pending. What's your response to that? I believe Your Honor was correct in the statement you made earlier that that's not a foregone conclusion. However, as you can read from Judge Collins' order, I think it's sort of safe to make the assumption whether proper or not that that's the direction she's leaning in. She has a problem, as we submitted in our briefs, with the federal question to begin with. If she finds that there's no federal question as to the oversight of the election issue, it would be likely that we're going to prevail at the trial level too. I'm not going to make that assumption until I hear from the court. But she does clearly address some of the issues that we set forward as this distinction between the application of 9214 and 9215 as to whether you look at 15% of the petitioner's signatures or whether you look at 10% of the signatures that are required for it to go into the ballot to be certified. And Ms. Levinson, may I ask you about 9215B? We're really talking, it wasn't submitted to the special election, or we wouldn't be here, so we're really talking about that phrase in 9215B, unless the ordinance petitioned for it is required to be. And it's your position that it was required to be a special election because that's what they asked for. That's correct, Your Honor. They simply stated it verbatim. We're seeking a special election. They got 43,000 signatures to put this on the ballot for a special election. Where we struggle is that we don't see where we have the discretion as the city or as our client has the discretion to change the intention of the signatories to the petition. And are you open to the possibility that that could be read to say in the alternative you have to do a general election? Or are you not open to that possibility? I would be open to the possibility of plaintiffs recirculating another petition that stated that. I don't see how we can do right by the voters and change the language of the petition to be read in the alternative. There's just simply nothing in the petition itself that suggests that it's alternative. Was there anything anywhere preventing them from stating it the other way, special or general? No, Your Honor. I haven't seen anything that indicates that they couldn't have requested in the alternative, and I believe that Judge Collins even pointed out. What they did after the fact is to try to remedy the situation, basically said, well, why don't we put this on the general election? Well, we really can't read into the petition any further, and I believe that that was the district court's position as well, that she wasn't able to read beyond the language of the petition to assume that the intention of the registered voters that signed it was that perhaps we can have it heard at the general election. Let me be the devil's advocate here or be Mr. Dutta's advocate here. Is there any real doubt that the individuals who, you know, we know people that signed the petition would have wanted the initiative to appear on the regular election ballot and if it did not qualify for the special? And if so, why shouldn't we read the statute as the plaintiff suggests, given that the California Supreme Court has indicated that the initiative power should be construed liberally to promote the democratic process, Farley versus Healy? I appreciate the comment, Your Honor. To be honest, I don't see how we can read it any differently and how the statute itself can be interpreted any differently. This seems to be very plain language and it seems very clearly worded. The intention, obviously, of the elections official isn't to read into, as counsel correctly pointed out, the intention of what the petitioner were even seeking. That's not something that's even taken into consideration and it wasn't taken into consideration by the district court. There were 356 invalid signatures that were submitted, so it is the duty of the clerk to take a look at the petition and determine that it's valid before putting it before the general elector to make that decision. The special election is a more costly procedure. It's a $1.5 million process for the city, but there is no effort undertaken here to disrupt that process or to not put it before the voters if, in fact, the petition was valid. The problem we have here that seems to be consistently overlooked by the appellant, the petition was invalid. Well, let's say the plaintiff's interpretation of the elections code is correct. Let's say, I'm just saying hypothetically, that we agree with the plaintiff. Can they necessarily establish irreparable harm and that the balance of equities and public interest weigh in their favor? I don't see how they can, Your Honor. Well, but I'm going to kind of cross-examine you a little bit because you just basically said, okay, this just comes down to the statutory interpretation, that's it, and over and done. But now you're going to a fallback as if I'm saying if you lose on the statutory construction, give me your argument on that. There's no irreparable harm that would result if we lose on the statutory construction and it goes back before Judge Collins to determine whether there's going to be a permanent injunction. Obviously, she's going to have to take another look at it. You'd have to obviously find that there's some sort of abuse of discretion here to get to that threshold. But the irreparable harm, these are two individuals that put forth none of their own financial resources to put a ballot petition before the electorate. There's nothing to stop them from redoing the same ballot petition. Well, except if, by the way, he's saying it would be a long time away and, you know, obviously the, you know, sort of the right to vote is one of those things that we hold very dear and that any time people are denied that right in a timely fashion, you know, I can make those arguments. I suppose it's answering a question with a question around it which I hate to do. Well, you can. I pontificated here. What isn't the greater harm to the general election population for asking the clerk to certify a petition that's different than the intention of the petitioners and that's not verified? We're putting before the citizens of Long Beach a petition that is questionable. How often is that going to be allowed to happen? If each circumstance, we have an appellate that comes forward that says, but this is a hot button issue. We need this to be addressed right now. We can't wait on this any further for whatever their reasoning is. Disregard the qualifications of the petition. Let's evaluate this under a different standard. Let's go ahead and set aside the language that the petition said itself because we don't want them to have to go through the process of curing the defects they had in the petition. What's the harm to the city or its residents or to anyone if somebody requests a special election, which is more costly and they meet the requirements for a general election to just let it go to the general election? Where's the harm? It would just simply be reinterpreting the petition itself and asking the clerk to determine on which circumstances he needs to reinterpret what was intended by it. But what's the harm? There really isn't any financial harm or any significant harm. And it's kind of consistent with the structure of the statute that requires a greater percentage for a special election. So it's really not inconsistent with the kind of structure and purpose of 9215, is it? It's not inconsistent, Your Honor. That's correct. The problem is the interpretation of the validity of the petition comes under 9214, which is the 15%. We can't suddenly reverse this and look at it under the 10% standard. Under the 15% standard, it doesn't pass muster. It doesn't get certified to go forward to make the decision as to whether it gets adopted or even goes on the general election. This counsel's correct. The city council can certainly take it under itself to enact it. The problem we have is the threshold, is it's not verified, is that the signatures of the petition don't comply with the register. It doesn't even get to the 959 vote threshold to where they look at the entire petition to determine whether it's accurate. It's not an accurate petition. So putting it past that stage really does put some question on what we're asking the city clerk to do. Any other questions? Do you have any additional? No, we don't appear to. Thank you for your argument. Did anyone have any additional questions of the talent? All right, then this matter will stand submitted. Thank you both for your argument in this matter. Thank you.
judges: Bennett, TROTT, CALLAHAN